BOLIN, Judge.
Arthur Arabie brought this action seeking to recover damages against Scott Tractor Company, Inc., and its public liability insurer for personal injuries sustained by him on the premises owned by Scott Tractor Company. Aetna Casualty and Surety Company, workmen’s compensation insurer of plaintiff’s employer, Wright Laboratory, *422 Inc., intervened seeking reimbursement of the compensation benefits which it had paid or which it might become obligated to pay in the future. From a judgment rejecting the demands of plaintiff and Aetna they appeal. We affirm the judgment of the lower court.
Scott Tractor Company is located in Bastrop and Wright Laboratory is located at Crowley. Scott sold Wright a used Hahn cotton sprayer, better known as a “Hi-boy”. The equipment was sold “ . . as is, where is, on my [Scott’s] yard . ”. Several weeks thereafter plaintiff arrived at Scott’s premises in Bastrop with a flat-bed truck to pick up and transport the “Hi-boy” to Crowley. The customary method for loading this equipment onto a flat-bed truck is to use a hydraulic lift. The hydraulic lift was temporarily away from the premises and after waiting for some time plaintiff decided to load the “Hi-boy” by driving it directly onto the bed of the truck. Being unable to start the engine because of a weak battery, Arabie sought the assistance of an employee of Scott. A “jumper cable” was furnished in the hope that the engine could be started with the use of another battery. This proved to be unsuccessful and Arabie suggested to one or more of Scott’s employees that a pickup truck be usd to pull the “Hi-boy” and to start it in this manner. A chain was attached to the left corner of the truck’s rear bumper and to a place on the front of the “Hi-boy” about five and one-half feet from the ground. There is some dispute whether one or two chains were used but we agree with the trial judge that this was of no significance because Arabie and Scott’s employee were working together in an effort to start the “Hi-boy”.
The equipment in question is rather unusual in design, having only one front wheel and two rear wheels. It has a front wheel drive which renders the front end much heavier than the rear. Balance is achieved by the large tanks which are situated near the rear. However, on this occasion the tanks were empty which made the machine subject to being easily overturned. After the chain was properly connected Scott’s employee drove the pickup and Arabie mounted the “Hi-boy”. After pulling the “Hi-boy” about thirty feet, its rear end commenced to rise up and Arabie shouted at the employee to stop, which he did. However, a few moments thereafter Arabie instructed the truck driver to begin another pulling movement. When the truck had pulled the “Hi-boy” the second time for about ten feet it turned over on its side, injuring plaintiff.
There is some dispute whether Arabie engaged the clutch of the “Hi-boy” and also whether the truck jerked the piece of equipment during the pulling maneuver. As to the cause of the accident the trial judge found:
“There was testimony by a Mr. Bowlin, who was thoroughly familiar with the operation of a Hahn ‘Hi-boy’, that if the clutch was not engaged, the machine could be towed with ease, particularly if moving straight forward. He did admit, however, that even with the gear not engaged if the truck jerked with enough force, the ‘Hi-boy’ would have a tendency to lift up.
“The Court does not find convincing evidence of a strong jerking movement. The Court does find that the movement of the truck pulling the ‘Hi-boy’ caused the rear of the machine to rise up. This caused the plaintiff sufficient concern for him to ask the driver (Coleman) to stop temporarily, but did not cause him sufficient concern to stop the maneuver permanently.
“The Court feels that the acts of the plaintiff throughout this event constituted negligence on his part which contributed to the cause of the accident and, therefore, recovery should be denied.”
A special plea of contributory negligence was filed by defendants. From our study of the record we find the evidence sup *423 ports the conclusion of the trial judge that plaintiff was guilty of negligence which contributed to the accident and, therefore, the demands of Arabie and Aetna were properly rejected.
Judgment of the lower court is affirmed at appellants’ cost.